# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 5:15-cr-000128

KENYATA E. SMITH

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Kenyata E. Smith's Letter-Form Motion to Seal or Expunge Record [Doc. 27], filed August 8, 2022.

Ms. Smith seeks expungement of her misdemeanor criminal conviction solely on equitable grounds, namely that the conviction's appearance in the National Instant Criminal Background Check System ("NCIS") report is interfering with her ability to obtain employment. [Doc. 27 at 1]. Federal courts possess limited jurisdiction. They exercise only the authority conferred by the Constitution or statute. There is no applicable statute authorizing expungement here. The only possible basis for granting the request may be ancillary jurisdiction.

Ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994). In *Kokkonen*, the Supreme Court concluded ancillary jurisdiction applies in only two narrow circumstances: (1) where necessary to permit disposition by a single court of factually interdependent claims, and (2) "to enable a court to . . . manage its proceeding, vindicate its authority, and effectuate its decrees." *Id.* at 379–80.

First, there is no factual interdependency between the claims here. The adjudicative facts underlying Ms. Smith's counterfeiting and forgery conviction -- over which the Court had

federal question jurisdiction -- are separate and distinct from the equitable circumstances Ms. Smith now identifies. Second, expungement would not facilitate the proper discharge of the Court's intrinsic authority to manage its proceedings, vindicate its authority, or effectuate its decrees. Jurisdiction is thus absent. The Court is unauthorized to expunge the conviction or change the information appearing in the NCIS background report. *See United States v. Sumner*, 226 F.3d 1005, 1015 (9th Cir. 2000) (holding that district court lacks ancillary jurisdiction to expunge based solely on equitable considerations such as harm to employment opportunities); *United States v. Gary*, 206 F. Supp. 2d 741, 741 (D. Md. 2002) (same).

Accordingly, Ms. Smith's Letter-Form Motion to Seal or Expunge Record [**Doc. 27**] is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:    August 20, 2024

Frank W. Volk
United States District Judge